Filed 4/20/16  P. v. Jones CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068169 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD239671) |
| WILLIAM FOSTER JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Daniel Yeager, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant William Foster Jones pleaded guilty to felony child abuse (Pen. Code, § 273a, subd. (a))[1] and admitted allegations that he personally inflicted great bodily injury during the commission of the offense. (§§ 1192.7, subd. (c)(8), 12022.7, subd. (a).) The trial court sentenced Jones to five years in state prison. Jones appeals, contending the court abused its discretion by not considering section 1170.9 in determining whether to grant probation. We conclude there was no abuse of discretion and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Jones was dating and living with Jessica Miller and her three children in San Diego. In late 2011, an ambulance took Cameron M., Miller's two-year-old child, to the hospital for two life-threatening injuries. The San Diego Police Department conducted an investigation and believed Jones caused the injuries. In March 2012, an information charged Jones with felony child abuse and allegations that he personally inflicted great bodily injury during the offense. At his arraignment, the trial court issued a criminal protective order prohibiting Jones from contacting Cameron.

While out on bail, Jones secretly married Miller before moving to Delaware. In Delaware, Jones moved in with Miller and her children, including Cameron. In 2014, Jones returned to California and pleaded guilty to felony child abuse and allegations that the offense included personal infliction of great bodily injury. After pleading guilty, Jones returned to Delaware, where he was charged and pleaded guilty to the Delaware

---

[1]    All further statutory references are to the Penal Code.

2

offense of "terroristic threats" against Miller. The Delaware trial court granted Jones probation and issued a criminal protective order to prohibit him from contacting Miller and Cameron. Jones violated the criminal protective order against Miller by contacting her on a few occasions while in Delaware. Prior to sentencing in this case, he admitted to a probation officer that he physically abused Cameron. At sentencing, Jones asserted his military service and a diagnosis of posttraumatic stress disorder (PTSD) supported consideration of probation under section 1170.9. He actively served in the U.S. Marine Corps for seven years in Africa, Iraq, and Yemen, and alleged he suffers from PTSD because of his experiences while on active duty.

The trial court reviewed and considered the sentencing memorandums submitted by both parties, and specifically recognized Jones's military service and PTSD. The trial court stated Jones was presumptively ineligible for probation under section 1203, subdivision (e)(3)[2] and looked to California Rules of Court,[3] rule 4.413[4] to determine whether Jones was an unusual case, in which probation would be appropriate.

---

[2] Section 1203 provides in part, "(e) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶] (3) Any person who willfully inflicted great bodily injury or torture in the perpetration of the crime of which he or she has been convicted."

[3] All rule references are to the California Rules of Court.

[4] The facts showing a case may be unusual include whether the case is "substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence[,]" and "[t]he current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and

The trial court found Jones did not qualify for probation as an unusual case under rule 4.413 because of the violent nature of the current offense, the Delaware offense, and his violations of the criminal protective order protecting Cameron M. The trial court also found that his continued relationship with Miller and her children constituted violations of the criminal protective order and showed Jones was unable to follow court orders. The trial court considered Jones's PTSD as contributing to his offense, but ultimately held that Jones did not overcome the presumption of ineligibility under section 1203, subdivision (e)(3). After finding Jones ineligible for probation, the court found alternative sentencing under the statute did not apply to his case.

The trial court announced a sentence of five years in state prison, and Jones moved to withdraw his plea. The trial court allowed Jones to file a motion to withdraw his plea and, at a later hearing, denied his motion. The trial court then adopted and incorporated by reference all comments made at the first sentencing hearing, denied probation, and imposed the sentence.

---

the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense." (Rule 4.413, subd. (c)(1)(A) & (B).) The court may also determine that a defendant's culpability for the offense is limited because "[t]he defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence," or "[t]he crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation[,]" and "[t]he defendant is youthful or aged, and has no significant record of prior criminal offenses." (Rule 4.413, subd. (c)(2)(A), (B) & (C).)

4

DISCUSSION

Jones argues that the trial court erred because it did not consider his PTSD under section 1170.9 in determining whether to grant or deny probation, and because the court did not exercise its discretion under section 1170.9, a prejudicial error occurred requiring reversal.

The grant or denial of probation is within the broad discretion of the trial court. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831; *People v. Ferguson* (2011) 194 Cal.App.4th 1070, 1091 (*Ferguson*).) The trial court is presumed to have acted to achieve legitimate sentencing objectives, and its decision will be reversed only if the court's discretion was exercised in an arbitrary or capricious manner. (*Ibid*; *People v. Martinez* (1985) 175 Cal.App.3d 881, 896.)

The Legislature enacted section 1170.9 "to ensure that judges are aware that a criminal defendant is a combat veteran with [PTSD] . . . and to be aware of any [appropriate] treatment programs that exist . . . at the time of sentencing if a sentence of probation is appropriate." (Stats. 2006, ch. 788, § 1(g).) Effective January 1, 2015, section 1170.9, subdivision (b)(1), was amended to require the court to consider PTSD as a factor in favor of granting probation (Stats. 2014, ch. 163). (§ 1170.9, subd. (b)(1).) If the trial court determines that the defendant is not eligible for probation, then the defendant is not eligible for alternative sentencing under section 1170.9. (*Ferguson, supra,* 194 Cal.App.4th at p. 1089.)

Here, the trial court properly concluded that Jones was presumptively ineligible for probation under section 1203, subdivision (e)(3). Therefore, he had to overcome that

5

presumption under rule 4.413 to be eligible for probation before he could receive consideration under section 1170.9. (See *Ferguson, supra*, 194 Cal.App.4th at p. 1093 ["[a]lternative sentencing under section 1170.9 is not triggered unless the court actually decides to grant probation"].)

We hold that the trial court properly considered Jones's military service in deciding whether to grant probation and correctly concluded Jones was not an unusual case under rule 4.413 and therefore did not abuse its discretion in denying probation. The trial court correctly considered Jones's PTSD in deciding whether he was an unusual case under rule 4.413. ("I can tell you there is no doubt in this Court's mind the defendant suffers from some form of PTSD at least as referenced by the psychological report I read. There is no doubt in my mind that the defendant had a back injury that he suffered while working as a guard in the military.") Thus, the trial court followed the recently amended section 1170.9 in sentencing Jones.

The trial court stated clear reasons for the denial of probation. His inability to comply with the criminal protective order, his continued relationship with Miller and her children, including Cameron, and his conviction in Delaware supported the court's finding that Jones did not overcome the presumption of probation ineligibility. The severity of the injuries inflicted on Cameron also supported the court's ruling. Given these facts, the trial court's decision to deny probation was not arbitrary or capricious.

Because Jones did not overcome his presumptive ineligibility for probation, section 1170.9 did not apply to him. As the trial court properly considered his PTSD to be a factor in favor of granting probation and correctly determined the statute did not

6

apply once deciding Jones was ineligible for probation, we hold the trial court did not abuse its discretion in denying probation.

DISPOSITION

The judgment is affirmed.

McDONALD, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

7